**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------- X

M.D. A. TALUKDER,

                                        Plaintiff,

            -against-

STATE OF NEW YORK, NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND
COMMUNITY SUPERVISION, ANTHONY J.
ANNUCCI, and KIM GHATT,

                                        Defendants.

-------------------------------------------------------------------- X

**FIRST AMENDED**
**COMPLAINT**

**JURY TRIAL**
**DEMANDED**

No. 22-cv-01452 (RA)
[rel. Sughrim et al. v. State of New York et al., No. 19-cv-07977 (RA)(SDA)]

       Plaintiff M.D. A. Talukder, by and through his attorneys, Beldock Levine & Hoffman LLP,

for his Complaint alleges as follows:

## PRELIMINARY STATEMENT

       1.      The State of New York, acting through its Department of Corrections and

Community Supervision ("DOCCS"), has discriminated against Plaintiff by failing to grant his

requested accommodation to wear his three-inch beard, worn due to his sincerely held religious

beliefs as a Sunni Muslim.

       2.      This is in addition to DOCCS's discriminatory conduct as described in *Sughrim v.*

*State of New York*, 19-cv-7977-RA (S.D.N.Y.), the factual allegations of which we incorporate

herein by reference.

       3.      In 2019, former New York Governor Andrew Cuomo signed a law "prohibiting

employment discrimination based on . . . facial hair."[1] According to Governor Cuomo, this law

will "make clear that employers cannot refuse to hire, attain, promote, or take other discriminatory

---

[1] *See* "Governor Cuomo Signs Legislation Prohibiting Employment Discrimination Based on Religious Attire or Facial Hair," https://www.governor.ny.gov/news/governor-cuomo-signs-legislation-prohibiting-employmentdiscrimination-based-religious-attire (Aug. 9, 2019).

action against an individual for wearing . . . facial hair in accordance with tenets of their religion."

The law applies to public employers, including DOCCS. In endorsing this new law, Governor

Cuomo stated:

> As New Yorkers we celebrate our diversity and we champion freedom of religious
> expression in all places, including the workplace. This law will protect people from
> discriminatory employment practices based on religious attire or facial hair and
> makes it crystal clear to anyone who may still have doubts that New York has zero
> tolerance for bigotry of any kind

4.      Nonetheless, Mr. Talukder, who was a trainee at DOCCS's training academy, was

told he could not participate in the Academy if he refused to shave his three-inch beard which he

wears in accordance with his religious beliefs as an observant Sunni Muslim.

5.      Yet, DOCCS's policies allow employees to wear bears for secular reasons

including, most recently, as an incentive to be vaccinated against COVID-19.

6.      Courts have repeatedly enjoined adverse employment actions taken against law

enforcement officers who wear facial hair because of their religions. *E.g.*, *Fraternal Order of

Police Newark Lodge No. 12 v. City of Newark*, 170 F.3d 359 (3d Cir. 1999) (opinion by then

Judge Samuel Alito holding that the Newark Police Department's facial hair policy violated the

First Amendment); *Litzman v. City of New York*, No. 12-cv-4681, 2013 U.S. Dist. LEXIS 162968

(S.D.N.Y. 2013) (Judge Harold Baer held that the NYPD's facial hair policy violated the First

Amendment and New York law); *Syed v. City of New York*, No. 16-cv-4789 (PGG) (KNG) (June

22, 2016) (ECF Dkt. 4) (Judge P. Kevin Castel issued a temporary restraining order enjoining the

NYPD "from taking any action adversely to affect [Officer] Syed's compensation and/or benefits

as a Police Officer" pending a preliminary injunction hearing on the NYPD's

dismissal of Officer Syed for refusing to shave his beard for religious reasons).

7.      Other large corrections departments and law enforcement agencies have concluded

that they can safely fulfill their institutional mandate and allow officers to have facial hair. The New York City Department of Corrections, which employs more than 11,000 officers, permits corrections officers to wear beards up to one inch. The United States Army similarly permits soldiers to wear beards up to two inches for religious reasons.[2] And the NYPD's facial hair policy, adopted after the *Syed* case was filed, permits officers to wear beards for religious reasons.

8.      This action seeks compensatory damages and injunctive and declaratory relief to compensate Mr. Talukder and to enjoin Defendants from their continuing unconstitutional conduct.

## JURISDICTION

9.      Mr. Talukder filed a charge of discrimination with the EEOC on October 6, 2021.

10.     On December 16, 2020, the EEOC issued notice of a right to sue pursuant to Title VII of the Civil Rights Act of 1964.

11.     This action is timely filed within the 90 days of receipt of notice from the EEOC.

12.     Jurisdiction is conferred on this Court under 28 U.S.C. §§ 1331 and 1343(a)(3) and (4).

13.     Plaintiff's claims for compensatory damages and declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

14.     This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 to hear Plaintiff's state and municipal law claims.

## VENUE

15.     Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b) as Defendant DOCCS resides in the district and all Defendants are residents of the State of New York. Venue is also proper in this District as a

substantial part of the events alleged in *Sughrim v. State of New York*, 19-cv-7977-RA (S.D.N.Y.), the factual allegations of which are incorporated here by reference, were committed within this district.

## PARTIES

16.     Plaintiff M.D. A. TALUKDER is a citizen of the State of New York and the United States.

17.     Defendant State of New York ("the State") maintains and operates Defendant New York State Department of Corrections and Community Supervision ("DOCCS"). The State is authorized by law to maintain a corrections department, and does maintain DOCCS, which acts as its agent in the area of corrections and for which it is ultimately responsible. The State assumes the risks incidental to the maintenance of a corrections department and the employment of corrections officers.

18.     Defendant ANTHONY J. ANNUCCI is the Acting Commissioner of DOCCS. He is sued in his official capacity. He has final decision-making authority for DOCCS and bears ultimate responsibility to oversee, authorize, and manage DOCCS employment policies, practices, and customs.

19.     Defendant KIM GHATT is the Acting Director of the DOCCS Training Academy. She is sued in her personal and official capacities.

20.     At all times relevant herein, Defendants ANNUCCI and GHATT have acted under color of law, and within their authority as employees and/or agents of DOCCS and/or the State of New York.

## JURY DEMAND

21.     Plaintiff demands a trial by jury in this action.

## STATEMENT OF FACTS

*Plaintiff's Request for an Accommodation*

22.     Mr. Talukder is 47-year-old Bangladeshi-American and an observant Sunni Muslim who immigrated to the United States in 2004.

23.     Pursuant to Mr. Talukder's sincerely held religious beliefs, he wears a three-inch beard.

24.     The On August 1, 2021, he entered the DOCCS Training Academy (the "Academy") in Albany, New York, which is maintained and operated by the State.

25.     The Academy's "Statement of Conditions," as of 2019, prohibit "beards of any type." But mustaches worn prior to reporting to the Academy are permitted.

26.     When he arrived at the Training Academy, Mr. Talukder was told he could not receive an ID card because of his beard.

27.     On that day, he was taken to the office of Kim Ghatt, Acting Director of the Training Academy. Ms. Ghatt informed him that he could not wear his beard at the length prescribed by his religious beliefs if he wanted to attend the Academy.

28.     She also told him that the longest beard length DOCCS and/or NYS would accommodate was 1/8 inch.

29.     Ms. Ghatt instructed him to trim his beard immediately or else he would not be able to enter the Training Academy.

30.     Mr. Talukder explained that he could not trim his beard because it is worn due to his sincerely held religious beliefs. Indeed, his religious beliefs require that he maintain a beard at the length of a "fist-full".

31.     On August 2, 2021, the day after he arrived at the Academy, Mr. Talukder submitted a religious accommodation request to DOCCS, including a request for a 3-inch beard.

32.     On August 12, 2021, Ms. Ghatt e-mailed Mr. Talukder a determination again rejecting his requested accommodation and stating that "Your beard will be kept at a length of no longer than 1/8 inch."

33.     The determination provided no explanation as to why he would only be granted an accommodation of 1/8 inch rather than the 3-inch accommodation he sought.

34.     The Defendants failed to engage in any process, let alone an interactive process, when determining the alleged accommodation being offered.

35.     On or about October 12, 2021, Mr. Talukder rejected the proposed "accommodation" for a 1/8 beard, because a beard of 1/8 inch in no way accommodates his sincerely held religious beliefs.

**Sughrim v. State of New York et al.**

36.     Defendants' denial of Mr. Talukder's request for accommodation came after this Court issued a temporary restraining order in the related case *Sughrim v. State of New York et al.*, No. 19-cv-7977 (S.D.N.Y.).

37.     The *Sughrim* case, which was filed in 2019, is a putative class action on behalf of "all persons who have been or will be subjected to DOCCS's practice and/or custom of not allowing security staff to wear facial hair as an expression of their sincerely held religious beliefs and taking adverse actions against such employees in violation of the First and Fourteenth Amendments of the United States Constitution and Title VII of the Civil Rights Act of 1964." *See id.*, First Amended Complaint, Dkt. No. 82.

38.     The named plaintiffs in that case are corrections officers working at DOCCS facilities across New York State who had their requests for religious accommodations to wear beards denied.

39.     In November 2019, the *Sughrim* plaintiffs filed an emergency motion for a temporary restraining order to prevent the defendants from taking any adverse action against them, or any other DOCCS corrections officer, because they wear a beard or requested an accommodation to wear a beard for religious reasons. *See id.*, Dkt. No. 42.

40.     The Court entered an order to show cause and granted a temporary restraining order. In December 2019, the Court held a hearing on the order to show cause and, on consent of the parties, DOCCS and Defendant Annucci, acting in his official capacity agreed "not to retaliate against any corrections officer for requesting to wear a beard for religious reasons." *Id.*, Dec.6, 2019 Order, Dkt. No. 72. In addition, Defendants DOCCS and Annucci agreed that "pending the Court's ruling on plaintiffs' motion for a preliminary injunction, any corrections officer may maintain a beard if the officer: 1) has filed a declaration in this action, or 2) has a pending religious accommodation request and is not assigned to a clean shaven post and does not regularly swap with an officer assigned to a clean shaving post." *Id.*

41.     But the *Sughrim* temporary restraining order applies only to "corrections officers" and not to trainees like Mr. Talukder. As such, though he is a member of the putative class in *Sughrim*, Plaintiff is not protected by the temporary restraining order in place in that case.

### Defendants' Denial of Plaintiff's Request and Harm to Plaintiff

42.     To this day, Plaintiff continues to be denied a religious accommodation without basis. He continues to be told that the only accommodation he could receive was for a 1/8-inch beard, which does not comply with requirements of his religion.

43.     Plaintiff continues to be denied employment at DOCCS's  Training Academy because of his requested accommodation.

44.     Nonetheless, DOCCS counterfactually claims that Mr. Talukder's request was "granted" to 1/8 of an inch.

45.     Mr. Talukder was set to receive an annual salary of $43,937. But because he cannot trim his beard to 1/8 of an inch without violating the tenets of his religion, Mr. Talukder has been barred from attending the Training Academy. As such, he has not received any pay.

***Defendants' Denial is Arbitrary***

46.     The 1/8-inch restriction imposed on Mr. Talukder fails to accommodate his religious beliefs. *See Sughrim v. New York*, 503 F. Supp. 3d 68, 91 (S.D.N.Y. 2020) (holding that plaintiffs had plausibly alleged that an accommodation permitting a one-inch beard did not actually accommodate his religious beliefs).

47.     The 1/8 inch restriction is also entirely arbitrary. Notably, DOCCS Directive 3083 allows senior security officers to wear beards up to 1-inch for non-religious reasons. *See also id.* (noting that DOCCS granted two plaintiffs in that case accommodations to wear beards up to one inch length).

48.     In fact, DOCCS has allowed numerous corrections officers to wear beards of 3 to 4 inches.

49.     And recently, DOCCS announced two policies that effectively permit all uniformed staff to wear one-inch beards without requesting an accommodation.

50.      On November 2, 2020, DOCCS issued a memorandum announcing a policy allowed staff to participate in "No Shave November," in an effort to "boost morale." Pursuant to the No Shave November policy, uniformed staff were permitted to wear one-inch beards without seeking any accommodation.

51.     On November 23, 2021, DOCCS issued a second memorandum entitled "Vaccination Incentive," announcing a policy permitting all uniformed staff who had been or would be fully vaccinated for Covid-19 by January 1, 2022, to wear a one-inch beard without seeking any accommodation.

52.     As such, the "accommodation" granted to Mr. Talukder only permits a beard even shorter than the beards DOCCS uniformed staff are allowed to wear without any religious or medical basis.

53.     In its December 16, 2021 determination, the EEOC notified Mr. Talukder of his right to sue pursuant to Title VII.

***Mr. Talukder Continues to Face Irreparable Harm***

54.     Mr. Talukder has sustained damages as a direct and proximate result of Defendants' unlawful policy and actions.

55.     Even a temporary deprivation of his First Amendment right to a reasonable accommodation to wear a beard in accordance with his religious beliefs constitutes irreparable harm.

56.     Indeed, where claims of irreparable harm concern violations of First Amendment rights, the Second Circuit and the Supreme Court have explained that the "loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976). *See also Bery v. City of New York*, 97 F.3d 689, 693–94 (2d Cir. 1996).

57.     As of the filing of this First Amended Complaint, Plaintiff has yet to allowed back into to the Training Academy.

58.     Plaintiff has no adequate remedy at law. Absent injunctive relief against Defendants' unlawful policy, Mr. Talukder has been and will continue to be harmed.

## FIRST CAUSE OF ACTION
**Declaratory and Injunctive Relief Pursuant to 42 U.S.C. § 1983 for Violations
of the First and Fourteenth Amendments to the United States Constitution
(Against the Individual Defendants in their Official Capacities)**

59.     Plaintiff repeats and realleges the above paragraphs as if fully set forth herein.

60.     DOCCS's practice of denying permission to trainees with religious reasons to wear facial hair and taking adverse employment actions against trainees who refuse to shave on religious grounds unreasonably interferes with Plaintiff's religious beliefs.

61.     No legitimate governmental interest justifies this practice.

62.     Defendants' conduct "targets" religious exercise and violates the federal constitutional right to the free exercise of religion.

63.     DOCCS's practice and Defendants' conduct violates Plaintiff's right to the free exercise of his religion, in violation of the First Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment.

64.     Each of the Defendants has acted with intent to violate Plaintiff's constitutional rights of Plaintiff or with deliberate indifference to his constitutional rights.

65.     By acting under color of state law to deprive Plaintiff of his constitutional rights, Defendants are in violation of 42 U.S.C. § 1983.

66.     As a direct and proximate result, Plaintiff has suffered injuries and damages as set forth above.

67.     The Individual Defendants' unlawful conduct was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed, as legally permissible.

68.     Plaintiff has no adequate remedy at law and will suffer serious and irreparable harm to his constitutional rights unless the State and DOCCS and the Individual Defendants in their official capacities are enjoined from continuing to deny him the right to enter the Training Academy and, thereafter, a DOCCS correctional facility with his beard.

## SECOND CAUSE OF ACTION
### For Damages Pursuant to 42 U.S.C. § 1983 for Violations of the First and Fourteenth Amendments to the United States Constitution (Against Ghatt in her Individual Capacity)

69.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

70.     Ghatt, sued in her individual capacity, has violated Plaintiff's rights as protected by the First and Fourteenth Amendments of the United States Constitution.

71.     As a direct and proximate result of the acts and omissions of each of the Individual Defendants, the constitutional rights of Plaintiffs and members of the class have been violated.

72.     By acting under color of state law to deprive Plaintiff of his constitutional rights, Ghatt violated 42 U.S.C. § 1983.

73.     As a direct and proximate result of the acts and omissions Defendant Ghatt, Plaintiffs have suffered injuries and damages as set forth above.

74.     The unlawful conduct of Ghatt was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed, as legally permissible.

## THIRD CAUSE OF ACTION
### Disparate Treatment Under Title VII of the Civil Rights Act of 1964

**(Against Defendant State of New York and DOCCS)**

75.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

76.     Plaintiff, as a Sunni Muslim, believes it is a requirement of his religion that he grows a beard the length of a "fist-full."

77.     The State of New York and DOCCS, acting through DOCCS officials including, but not limited to, the Individual Defendants, have violated and continue to violate Plaintiff's rights as protected by Title VII of the Civil Rights Act of 1964 by:

    a.  treating Plaintiff differently for wearing his beard for religious reasons;

    b.  favoring secular reasons over Plaintiff's religious reasons;

    c.  instituting, enforcing, and/or carrying out a practice and/or custom that adversely affects trainees, like Plaintiff, who exercise religions that mandate wearing beards;

    d.  instituting, enforcing, and/or carrying out a practice and/or custom discriminating against trainees who wear or want to wear beards for religious reasons; and

78.     As a direct and proximate result, Plaintiff has suffered injuries and damages as set forth above.

79.     Plaintiff has no adequate remedy at law and will suffer serious and irreparable harm to his constitutional rights unless the State and DOCCS and the Individual Defendants in their official capacities are enjoined from continuing to deny him the right to enter the Training Academy and, thereafter, a DOCCS correctional facility with his beard.

**<u>FOURTH CAUSE OF ACTION</u>**
**Failure to Accommodate Under Title VII of the Civil Rights Act of 1964**
**(Against Defendant State of New York and DOCCS)**

80.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

81.     In the actions described above, Defendant State of New York and DOCCS has discriminated against Plaintiff on account of his religion in violation of Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972 and the Civil Rights Act of 1991, 42 U.S.C. §§ 2000e *et seq*.

82.     Plaintiff, as a Sunni Muslim, believes it is a requirement of his religion that he grows a beard the length of a "fist-full."

83.     The State of New York and DOCCS, acting through DOCCS officials including, but not limited to, the Individual Defendants, have violated and continue to violate Plaintiff's rights as protected by Title VII of the Civil Rights Act of 1964 by:

> e.   failing to provide an adequate religious accommodation that allows the growth of a beard of reasonable length;
>
> f.   instituting, enforcing, and/or carrying out a practice and/or custom that adversely affects trainees, like Plaintiff, who exercise religions that mandate wearing beards;
>
> g.   instituting, enforcing, and/or carrying out a practice and/or custom discriminating against trainees who wear or want to wear beards for religious reasons; and
>
> h.   retaliating against Plaintiff for exercising his right to practice his religion by wearing a beard of reasonable length.

84.     As a direct and proximate result, Plaintiff has suffered injuries and damages as set forth above.

85.     Plaintiff has no adequate remedy at law and will suffer serious and irreparable harm to his constitutional rights unless the State and DOCCS and the Individual Defendants in their

official capacities are enjoined from continuing to deny him the right to enter the Training

Academy and, thereafter, a DOCCS correctional facility with his beard.

### FIFTH CAUSE OF ACTION
### Retaliation Under Title VII of the Civil Rights Act of 1964
### (Against Defendant State of New York and DOCCS)

86.     Plaintiff realleges and incorporates by reference the allegations set forth in the

foregoing paragraphs as if fully set forth herein.

87.     Plaintiff repeats and realleges each and every allegation made in the foregoing

paragraphs as if fully set forth herein.

88.     Plaintiff sought a religious accommodation for a three-inch beard and was

terminated from the Academy when he refused to shave.

89.     In the actions described above, Defendants have retaliated against Plaintiff on

account of protected activity in violation of Title VII of the Civil Rights Act of 1964, as amended

by the Equal Employment Opportunity Act of 1972 and the Civil Rights Act of 1991, 42 U.S.C.

§§ 2000e *et seq.*

90.     As a direct and proximate result, Plaintiff has suffered injuries and damages set

forth above.

### DEMAND FOR RELIEF

**WHEREFORE,** Plaintiff M.D. A. Talukder requests that the Court award him the

following relief:

a.   Judgment declaring that Defendants' acts violated Plaintiff's rights as secured by the
     First and Fourteenth Amendments to the United States Constitution and Title VII of
     the Civil Rights Act of 1964, 42 U.S.C. § 2000e;

b.   A declaratory judgment that DOCCS's practice of denying accommodations for
     trainees to wear facial hair for religious reasons and taking adverse actions against
     trainees who refuse to shave violates the First and Fourteenth Amendments of the
     United States Constitution, and Title VII;

c.  Injunction enjoining Defendants from taking any further adverse actions Plaintiff for wearing a three-inch beard;

d.  Retroactive reinstatement of Plaintiff's employment, together with an offer of employment to a position with full seniority, compensation and medical and other benefits or, alternatively, full front pay and benefits;

e.  Compensatory damages in an amount that is fair, just and reasonable, to be determined at trial;

f.  Punitive damages as may be provided under applicable law;

g.  Attorney's fees;

h.  Interest, costs, and disbursements; and

i.  Such additional and further relief as is just and proper.

Dated: New York, New York
       July 20, 2022

BELDOCK LEVINE & HOFFMAN LLP
99 Park Avenue, PH/26th Floor
New York, New York 10016
(212) 490-0400

By: _____
     Luna Droubi
     Deema Azizi

*Attorneys for Plaintiff M.D. A. Talukder*