UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

M.D. A. TALUKDER,

                          Plaintiff,

-against-

STATE OF NEW YORK, NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND
COMMUNITY SUPERVISION, ANTHONY J.
ANNUCCI, KIM GHATT,

                          Defendants.

**Case No:** No. 22-cv-01452 (RA) (SDA)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/30/2024

**JOINT STIPULATED PROTECTIVE ORDER**

      The parties having agreed to the following terms of confidentiality with respect to certain documents produced or to be produced in this action, including but not limited to, confidential and protected health information; personnel information; internal policies, procedures, and guidelines; information regarding the religious beliefs of non-parties; information presenting potential security concerns; documents and information protected from disclosure under state or federal law, where applicable; personal data; testimony of a sensitive nature; and other confidential or proprietary information related to this litigation; and the Court having found that good cause exists for entry of the following Protective Order, it is hereby ORDERED that:

      1.     Any document or information produced or disclosed pursuant to the terms of this Protective Order and designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall be used and disclosed solely for purposes of the preparation and trial of this matter and shall not be used or disclosed for any other purpose, unless ordered by this Court. Except with the prior written consent of the designating party, or by order of this Court, documents or information produced or disclosed

1

pursuant to the terms of this Order and designated as CONFIDENTIAL may not be disclosed to any person other than:

 (a) a party, or if a corporate or governmental entity, a representative on the entity's behalf;

 (b) counsel of record for the parties in this case, and their staff and other attorneys in their offices;

 (c) any witness who counsel for a party in good faith believes may be called to testify at an evidentiary hearing, trial or deposition in this action, who shall sign a document in the form of Exhibit A attached hereto prior to receiving such information (such signed document to be provided to the opposing party upon request after disclosure of the witness);

 (d) experts and consultants retained by a party for assistance in this litigation, who shall sign a document in the form of Exhibit A attached hereto prior to receiving such information (such signed document to be provided to the opposing party upon request after disclosure of the expert);

 (e) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents, who shall sign a document in the form of Exhibit A attached hereto prior to receiving such information (such signed document to be provided to the opposing party upon request); and (f) the Court and its personnel.

 2. The designation CONFIDENTIAL may be invoked in good faith by a producing party with respect to items of discovery produced through this litigation which the producing party or non-party reasonably has endeavored to maintain as confidential and contains any confidential, strategic, or security information, or private, personal, sensitive, or personnel information. Confidential documents shall be so designated by stamping copies of the documents produced with "CONFIDENTIAL," unless such designation is successfully challenged pursuant to Paragraph 11 below. Stamping "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of that document as CONFIDENTIAL, unless otherwise indicated in writing by the designating party. All copies, prints, or other reproductions, summaries, notes, synopses or any other

memorialization of confidential documents, or the information contained therein, shall be deemed CONFIDENTIAL pursuant to this Order.

3.  Any party that seeks further limits on disclosure, such as an "attorneys' eyes only" designation, shall meet and confer with the other party regarding such designation. If the parties cannot agree on an appropriate designation, the party seeking to make the designation may present the dispute to the Court for resolution. Any document designated by a party as "ATTORNEYS' EYES ONLY" shall not be disclosed to anyone other than counsel of record for the parties and personnel directly employed by counsel of record.

4.  CONFIDENTIAL material may be disclosed to a person, not already allowed access to such information under this Order, if: (a) the information was previously received or authored by the person or was authored or received by a director, officer, employee or agent of the entity for which the person is testifying as a corporate designee; (b) the designating party is the person or is a party for whom the person is a director, officer, employee, consultant or agent; or (c) counsel for the party designating the material agrees that the material may be disclosed to the person. In the event of disclosure under this paragraph, only the reporter, the person, his or her counsel, the judge and persons to whom disclosure may be made, and who are bound by the Order, may be present during the disclosure or discussion of CONFIDENTIAL material. Disclosure of material pursuant to this paragraph shall not constitute a waiver of the confidential status of the material so disclosed.

5.  The inadvertent failure to designate or withhold any information as CONFIDENTIAL, ATTORNEYS' EYES ONLY, or privileged will not be deemed to waive a later claim as to its confidential or privileged nature, or to stop the producing party from designating such information as confidential at a later date in writing and with particularity. The information shall be treated by the receiving party as confidential from the time the receiving party is notified in writing of the change in the designation. If, after such material is produced, a claim of privilege or work-

product protection is subsequently made, the receiving party shall take reasonable steps to ensure that all known copies (both in hard form and electronic form) are returned promptly to the producing party. If data or information has been extracted from material that is subsequently returned under this paragraph, to the extent possible, the information and/or data shall be expunged and not used by the receiving party, and the receiving party shall confirm in writing to the producing party that said information and/or data have been expunged.  The failure to challenge the designation of any information as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall not be deemed an admission that the information is confidential or otherwise sensitive information.

6. All experts or consultants retained by a party for assistance in this litigation or for testimony will be provided a copy of this Order and be made aware that they are prevented from publicly disseminating this information and are required to maintain its confidentiality.  Any such experts or consultants will execute a document in the form of Exhibit A attached hereto (such signed document to be provided to the opposing party upon request after disclosure of the expert).

7. This Order will not prohibit the use of CONFIDENTIAL material at trial, hearings or depositions of witnesses allowed access to such documents under the terms of this Order.  However, the parties, attorneys and their staff, witnesses, and retained experts will not take any affirmative action to make the information learned through the use of CONFIDENTIAL material at depositions or hearings publicly available.  Any tangible items received through the course of depositions and/or hearings that are designated CONFIDENTIAL may only be used for purposes of this lawsuit and cannot be publicly disseminated.  Nothing in this Order restricts a party's use of information it obtains through lawful means other than discovery in this action.

8. When material that is designated CONFIDENTIAL is offered into evidence at a hearing or trial, or in support of or opposition to a motion adjudicating claims or defenses, the party offering the material will comply with the terms of this Order for filing the material or otherwise

provide, where practicable, at least seven (7) business days' written notice to the party that has designated the information confidential. The party that designated the material CONFIDENTIAL shall then have a reasonable opportunity to demonstrate why the particular material should be withheld from the public record. If the party does not object to the material being public, or the Court determines the party has not made a sufficient showing to overcome the "strong presumption" of public access to "judicial documents," the specific material will no longer be subject to the terms of this Order. As necessary, the Court may impose appropriate safeguards for the presentation of CONFIDENTIAL material at hearings, trial, or in the course of adjudicating claims or defenses.

9.   A party may designate information disclosed at a deposition as CONFIDENTIAL material by requesting the reporter to so designate any portion of the transcript at the time of the deposition. If no such designation is made at the time of the deposition, any party shall have thirty (30) calendar days after the date of the deposition to designate, in writing to the other parties and to the court reporter, whether certain portions of the transcript are to be designated as CONFIDENTIAL material.

10.   The parties shall act in good faith to protect from public disclosure all information produced through discovery and designated CONFIDENTIAL or ATTORNEYS' EYES ONLY.

11.   This Order shall not be modified, vacated, suspended, or otherwise altered without further order of the Court. Until modification is granted by agreement or order, the terms of this Order will govern.

12.   If any party wishes to challenge a designation under this Order, the parties shall, within thirty (30) days of the initial designation, set forth such challenge in writing to the producing party's counsel of record (or to the producing party if that party is not known to be represented). The parties shall then confer in good faith in an effort to resolve any dispute concerning the designation. If no resolution satisfactory to the parties is reached, or the challenging party receives no response

to its challenge within fourteen (14) days, either party may present the dispute to the Court for resolution. It shall be the burden of the party making the designation to prove that the information is entitled to protection under the Federal Rules of Civil Procedure or other applicable law. Until a change to a designation is granted by agreement or order of the Court, the parties will treat all materials or information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY in accordance with the requirements of this Order. If the parties agree to or the Court grants a change in designation, the materials will no longer be subject to the terms of this Order.

13. This Order shall not preclude the parties from exercising any rights or raising any objections otherwise available to them under the rules of discovery and evidence, and nothing in this Order operates to create an admission by any party that CONFIDENTIAL or ATTORNEYS' EYES ONLY material disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all confidential information produced or disclosed in this case, in accordance with applicable law and Court rules.

14. Any party may apply to the Court for any further protective order relating to CONFIDENTIAL or ATTORNEYS' EYES ONLY information; or object to the production of documents or information; or apply to the Court for an order compelling production of documents or information; or for modification of this Order; or seek any other relief from the Court, subject to the terms herein.

15. This Order shall not preclude the Court or its personnel from reviewing any documents or information as necessary for the conduct of this litigation. A party seeking to file any document – including but not limited to transcripts, depositions, affidavits, exhibits, briefs, memoranda, discovery responses, or other documents or pleadings which set forth, summarize or specifically reference CONFIDENTIAL or ATTORNEYS' EYES ONLY material – must comply with the Court's applicable standing orders and Local Rules, as well as the Individual Rules and

Practices of the respective Magistrate Judge and District Judge, concerning the filing of confidential material. If the request to file with redactions or under seal is based on another party's designation of the documents as "confidential" the parties shall confer and jointly submit a request for sealing. To the extent the Court grants leave to file a document with redactions, the party should contemporaneously file an unredacted copy with the Court under seal. A party that designates a document as CONFIDENTIAL or ATTORNEYS' EYES ONLY will revoke the respective designation if the party files the document unredacted and not under seal with the Court.

16. Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Order shall destroy or return to the producing party all materials and documents designated CONFIDENTIAL or ATTORNEYS' EYES ONLY, and certify such destruction or return in writing to the producing party. However, outside counsel for any party shall be entitled to retain all court papers, written discovery responses, deposition transcripts, hearing or trial transcripts, exhibits and attorney work product provided that any such materials are maintained and protected in accordance with the terms of this Order. Following termination of this litigation, the provisions of this Order relating to the confidentiality of protected documents and information shall continue to be binding. This Court shall retain jurisdiction over this Order for purposes of enforcement and adjudication of claims concerning alleged breaches of its provisions. Such jurisdiction shall survive the termination of this lawsuit.

17. Upon written notice to counsel for the parties or by invoking this Protective Order on the record during any deposition or similar proceeding, this Order shall apply to any non-party from whom discovery may be sought and who desires protections for the discovery sought. Thus, any non-party requested or required to produce or disclose documents, things or information, or to provide testimony in this proceeding, through subpoena or otherwise, may designate such

documents, things or information or testimony as CONFIDENTIAL or ATTORNEYS' EYES ONLY under the terms of this Order. Third party discovery designated under this Order shall be treated by the parties in accordance with the provisions of this Order as if such documents, things or information or testimony were produced or provided by a party to this action. Any non-party seeking to designate documents or information subject to this Order shall sign a document in the form of Exhibit A attached hereto prior to producing such information.

18. In the event any one or more of the provisions contained in this Order shall be held to be invalid, illegal or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provision of this Order, but this Order shall be construed as if such invalid, illegal or unenforceable provision was not contained herein. Further, in the event any provision of this Order shall be held to be unenforceable by limitation thereof, such provision shall be deemed to be amended to the minimum extent necessary to render it enforceable under the laws of the jurisdiction in which enforcement is sought.

SO ORDERED:

_____ Dated: August 30, 2024
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

M.D. A. TALUKDER,

                      Plaintiff,

-against-

STATE OF NEW YORK, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, ANTHONY J. ANNUCCI, KIM GHATT,

                      Defendants.

**Case No:** No. 22-cv-01452 (RA) (SDA)

### EXHIBIT A

I have fully read the Stipulated Protective Order (the "Order") to which this **Exhibit A** is attached, and I understand that the foregoing Order prohibits dissemination or disclosure of confidential information, except as expressly permitted pursuant to the Order. I agree to abide by and to comply with all the terms and provisions of the Order.

By my signature, I agree that I will not disseminate or disclose any confidential documents, including any notes, memoranda, or other form of information derived from those documents, to any person other than those authorized by the Order. I understand that such dissemination or disclosure constitutes contempt of Court and may subject me to sanctions authorized by law or Court Rule and to liability in damages to parties harmed by unauthorized disclosure.

Upon conclusion of this litigation, I will return all confidential materials to the appropriate counsel of record.

By my signature, I also consent, for purposes of any proceeding to enforce the Order, to the exercise of jurisdiction over my person by the Court in which this case is pending.

_____
Signature

By: _____

Dated: _____